**In re VELOCITA CORP., et al., (pending in the United States Bankruptcy Court for the District of New Jersey), Debtors.**

**Brungardt Honomichl & Company, P.A., Plaintiff,**

**v.**

**PF.Net Construction Corp., International Fibercom, Inc., PF.Net Corp., Velocita Corp., f/k/a PF.Net Communications, Inc., AT & T Corporation and Liberty Mutual Insurance Company, Defendants.**

**Bankruptcy No. 02–35895.**
**Adversary No. 02–2048.**

United States Bankruptcy Court,
M.D. North Carolina,
Greensboro Division.

Oct. 16, 2002.

Robert C. Niesley, Irvine, CA, J. Anthony Penry, Raleigh, NC, David N. Southard, Washington, DC, for defendants.

David Aaron Senter, Greensboro, NC, for plaintiff.

Marc Gottridge, New York City, pro se.

### ORDER

WILLIAM L. STOCKS, Bankruptcy Judge.

This adversary proceeding came before the court on October 8, 2002, for hearing upon a motion filed by defendants PF.Net Corp., PF.Net Construction Corp., Velocita Corp. and AT & T Corporation ("Movants") to transfer venue to the United States Bankruptcy Court for the District of New Jersey. Neil A. Riemann and David N. Southard appeared on behalf of the Movants, David A. Senter and Benjamin A. Kahn appeared on behalf of the plaintiff, and Jay M. Wilkerson and C. Hamilton Jarrett, III appeared on behalf of Liberty Mutual Insurance Company.

This lawsuit arose out of a troubled construction project involving the construction of a fiber-optic network. The network was to be constructed for Defendant AT & T on a right of way or easement owned or controlled by AT & T and extending from Greensboro, North Carolina to Greenville, South Carolina. AT & T contracted with PF.Net Construction Corp. for the construction of the fiber-optic network. PF. Net Construction Corp., in turn, contracted with International Fibercom, Inc. ("IFCI") for the actual installation of the fiber-optic network. Pursuant to its contract with PF.Net Construction Corp., IFCI obtained a labor and material payment bond from Liberty Mutual Insurance Company for the use and benefit of persons or entities supplying labor or materials involved in the prosecution of the work called for under the contract between PF. Net Construction Company and IFCI. The plaintiff, an engineering firm, became involved with the project as a result of a subcontract between the plaintiff and IFCI under which the plaintiff was to provide design and drawing production services for the fiber-optic system.

The cause of the problems that have occurred with the project is a sharply disputed matter that has spawned extensive court proceedings, including this lawsuit, eight other similar suits that are pending in other states (including a similar suit filed by the plaintiff in South Carolina), a bankruptcy filing by IFCI in Arizona and a bankruptcy filing in New Jersey by PF. Net Corp., PF.Net Construction Corp. and Velocita Corp.

This suit was filed on February 1, 2002, in the Superior Court of Guilford County,

North Carolina, and seeks damages of $1,195,763.54. The claims alleged by the plaintiff include claims in which the plaintiff seeks to establish and enforce by foreclosure liens against the fiber-optic network and the real property interests upon which the fiber-optic network is installed and against any funds owed by or to IFCI, PF.Net Construction Corp., PF.Net Corp. or Velocita Corp. with regard to the construction contracts or the fiber-optic project.

On May 30, 2002, while this action was still pending in the Superior Court of Guilford County, PF.Net Construction Corp., PF.Net Corp. and Velocita Corp. filed for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the District of New Jersey. This action was removed to the United States Bankruptcy Court for the Middle District of North Carolina on August 27, 2002, by PF.Net Construction Corp., PF.Net Corp., Velocita Corp. and AT & T pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure. These same parties now seek a transfer of venue pursuant to 28 U.S.C. § 1412.

■ Under 28 U.S.C. § 1412, a case or proceeding may be transferred to another district "in the interest of justice or for the convenience of the parties." Because the statutory criteria is stated in the disjunctive, a case or proceeding is transferrable upon a sufficient showing of either the interest of justice or the convenience of the parties. *See In re Harnischfeger Indus., Inc.,* 246 B.R. 421, 435 (Bankr.N.D.Ala. 2000). The Movants in the present case rely upon the interest of justice prong of § 1412 in arguing that this proceeding should be transferred to the Bankruptcy Court for the District of New Jersey.

■ The cases have identified a number of factors that may be considered in determining whether transfer of venue will serve the interest of justice, including the following: (a) the economic administration of the bankruptcy estate; (b) the presumption in favor of trying proceedings related to a bankruptcy case in the court in which the bankruptcy is pending; (c) judicial efficiency; (d) ability to receive a fair trial; (e) the state's interest in having local controversies decided within its borders; (f) enforceability of any judgment rendered; and (g) the plaintiff's original choice of forum. *See Blanton v. IMN Financial Corp.,* 260 B.R. 257, 266 (M.D.N.C.2001). Although in the present case, the plaintiff's original choice of forum and, to some extent, the state's interest in deciding local controversies favor retaining venue, these factors are outweighed by considerations of economic administration of the bankruptcy estate, consistency and judicial economy.

The plaintiffs in this action seek to establish and enforce a lien against the fiber-optic network and the easement/right of way upon which the network is located. At the same time, Velocita Corp., PF.Net Corp. and PF.Net Construction Corp. ("Debtors") claim an interest in a portion of the fiber-optic network. It thus appears that the plaintiff is attempting to establish and enforce a lien against the property interest of the Debtors in the fiber-optic network. A determination of the nature and extent of the Debtors' property interest and whether the plaintiff is entitled to a lien upon such interests are matters within the core jurisdiction of the Bankruptcy Court in New Jersey. The Debtors already have filed in the New Jersey Bankruptcy Court a motion seeking approval of the sale of substantially all of their assets, including Debtors' interest in the fiber-optic network, and to transfer liens to the proceeds of sale. Liberty Mutual has filed an objection that includes an assertion that Liberty Mutual has liens

that are valid, first priority liens against Debtors' interest in the portion of the fiber-optic network built by contractors for whom Liberty Mutual wrote surety bonds, which would include the portion of the network involved in this case. Also pending in the bankruptcy court in New Jersey is an adversary proceeding filed by the Debtors which subsumes most of the issues involved in this action. In that adversary proceeding the Debtors seek a declaration that IFCI, and not PF.Net Construction Corp., defaulted under the contracts that are the subject of the bonds issued by Liberty Mutual and a mandatory injunction directing Liberty Mutual to honor its payment obligations under its payment bonds. If these issues are determined in Debtors' favor and against Liberty, then this case, as well as the other similar cases pending in other courts, will be substantially resolved. If not resolved in this manner, it seems clear that judicial efficiency and economical administration of the bankruptcy estate will be promoted if the nine pending actions were all pending in the same venue, rather than the Debtors having to litigate substantially the same issues in nine different proceedings in nine different locations. The consolidation of these proceedings before a single court likewise will promote decisional consistency. Recognizing these considerations, the courts in two of the pending proceedings, including plaintiff's South Carolina action, already have granted motions to transfer to the bankruptcy court in New Jersey. These circumstances convince the court that economic administration of the bankruptcy estate, as well as judicial efficiency and consistency, will be promoted through a transfer of this proceeding to the bankruptcy court in New Jersey. The court also is satisfied that such a transfer will not adversely impact the ability of the parties to receive a fair trial, nor does such a transfer raise ques-

tions regarding the enforceability of any judgment entered in this proceeding after it is transferred. The court recognizes that the state's interest in deciding local controversies (to the extent that this is a local controversy) and the plaintiff's original choice of forum favor retaining venue. However, these factors are outweighed by considerations of consistency, judicial efficiency and economic administration of the bankruptcy estate. Additionally, such a transfer is consistent with the presumption in favor of trying cases related to a bankruptcy case in the court in which the bankruptcy is pending. *See Blanton v. IMN Financial Corp.*, 260 B.R. at 266–67.

NOW, THEREFORE, the motion to transfer venue filed on behalf of PF.Net Corp., PF.Net Construction Corp., Velocita Corp. and AT & T Corporation is granted and it is hereby ORDERED that this adversary proceeding be transferred to the District of New Jersey.